IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**VIVIAN MOORER,**

    **Plaintiff,**

**vs.**                                                                                        **CASE NO. 1:05CV78-MMP/AK**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause pursuant to 42 U.S.C. § 405(g) seeking judicial review of the administrative denial of her application for disability insurance benefits under Title II of the Social Security Act and supplemental security income benefits under Title XVI of the Act. (Doc. 1). Defendant has moved to remand this matter to the Commissioner under sentence *six* of 42 U.S.C. § 405(g) which provides that:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security...

However, an answer was filed in this cause on June 27, 2005, the matter is fully briefed, and therefore, it appears that remand is more appropriate under sentence *four* of 42 U.S.C. § 405(g), which requires entry of final judgment dismissing this cause. Defendant moves to remand this action because the hearing tape was inaudible, and the Appeals Council will remand the case to the Administrative Law Judge for a new hearing.  Plaintiff has no objection to the motion to remand.

Accordingly, it is **RECOMMENDED** that Defendant's motion to remand (doc. 23) be **GRANTED**, insofar as this cause should be **REMANDED** to the Commissioner for further proceedings by the Appeals Council, but that remand be made pursuant to sentence four of the Act and that final judgment be entered.

**IN CHAMBERS** at Gainesville, Florida, this **6th** day of January, 2006.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

No. 1:05CV78-MMP/AK